# EXHIBIT A

## TO

## NOTICE OF REMOVAL

Summons and Complaint

SUPREME COURT
STATE OF NEW YORK     COUNTY OF CORTLAND

---

ONNA JEAN MULEUCIS-VOTRA and TIMOTHY VOTRA,

                               Plaintiffs,

     -vs-

JOSEPH SANJEEV and GILLSON TRUCKING, INC.,

                               Defendants.

**SUMMONS**

Index No.:

---

To the above-named Defendants:

       You are hereby summoned and required to serve upon Plaintiffs' attorneys an Answer to the Complaint in this action within twenty (20) days after the service of the Summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

       The basis of the venue designated is the location of this accident, which is State Highway 13, in the Town of Cortlandville, County of Cortland, State of New York.

Dated: February 14, 2022

                                            **ALEXANDER & ASSOCIATES**

                                            _____
                                            Peter J. Addonizio, Esq.
                                            Attorney for Plaintiff
                                            6713 Collamer Road
                                            East Syracuse, New York 13057
                                            Telephone: (315) 479-8660

SUPREME COURT
STATE OF NEW YORK      COUNTY OF CORTLAND
───────────────────────────────────────────

ONNA JEAN MULEUCIS-VOTRA and TIMOTHY VOTRA,

           Plaintiffs,

-vs-

JOSEPH SANJEEV and GILLSON TRUCKING, INC.,

           Defendants.
───────────────────────────────────────────

**COMPLAINT**

Index No.:

      Plaintiffs, Onna Jean Muleucis-Votra and Timothy Votra, by and through their attorneys, **ALEXANDER & ASSOCIATES,** as and for their Complaint against the Defendants, upon information and belief, state:

      1.     Plaintiffs, Onna Jean Muleucis-Votra and Timothy Votra are husband and wife and reside at 22 Grove Street, in the Town of Marathon, County of Cortland, State of New York 13803.

      2.     Defendant, **Joseph Sanjeev** is an individual believed to reside at 3251 Waterview Lane, City of Stockton, County of San Joaquin, State of California 95206.

      3.     Defendant, **Gillson Trucking, Inc.**, was and still is a domestic business corporation or business entity operating, permitting motor vehicles to be used under the laws of the State of New York and has a place of business located at 727 Misty Circle, in the City of Livermore, County of Alameda, State of California 94550 and/or 1801 East Drive MLK Boulevard, in the City of Stockton, County of San Joaquin, State of California 95205.

      4.     That upon information and belief, on October 21, 2019, State Highway 13, approximately 450 feet south of Fingerlakes East Drive, in the Town of Cortlandville, County of Cortland, State of New York, was and still is a public roadway.

      5.     That on or about October 21, 2019, at approximately 11:42 a.m., the Plaintiff, Onna Jean Muleucis-Votra was the operator and owner of a 2017 Nissan suburban bearing New York license plate number HWL8988.

      6.     That on or about October 21, 2019, at approximately 11:42 a.m., the Plaintiff, Timothy Votra was a passenger in a motor vehicle being operated by plaintiff, Onna Jean Muleucis-Votra, which vehicle was a 2017 Nissan suburban bearing New York license plate number HWL8988.

7.  That on or about October 21, 2019, at approximately 11:42 a.m., Defendant, Joseph Sanjeev was the permitted operator of a 2020 Volvo Tractor Trailer, owned and registered by Gillson Trucking, Inc., bearing California license plate number XP56149.

8.  That on or about October 21, 2019, at approximately 11:42 a.m., at or near State Highway 13, approximately 450 feet south of Fingerlakes East Drive, in the Town of Cortlandville, County of Cortland, State of New York, defendant, Joseph Sanjeev carelessly, negligently and/or recklessly managed, operated and controlled the Gillson Trucking, Inc. vehicle, operated the vehicle too fast for the conditions then and there existing, failed to follow the rules of the road, failed to maintain his proper lane of travel, followed too closely, and failed to make proper observations, such that the vehicle he was operating was caused to severely impact and collide with the Plaintiffs' vehicle, thereby causing Plaintiffs, Onna Jean Muleucis-Votra and Timothy Votra to sustain serious and permanent personal injuries.

9.  That the said collision and personal injuries sustained by the Plaintiffs, Onna Jean Muleucis-Votra and Timothy Votra were directly and proximately caused by the negligence, carelessness or recklessness of the Defendants named herein, and without any negligence of the part of the Plaintiffs.

10. That as a direct and proximate result of the Defendants' negligence, carelessness, and/or recklessness, Plaintiffs, Onna Jean Muleucis-Votra and Timothy Votra sustained "serious injuries" as defined under §5102 (d) of the New York State Insurance Law.

11. As a direct and proximate result of Defendants' negligence, carelessness, or recklessness, the Plaintiffs have been damaged in an amount, which exceeds the jurisdictional limits of all lower Courts, which would otherwise have jurisdiction.

12. That the Plaintiffs' cause of action falls within the exceptions set forth under §1602 of the CPLR.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST THE DEFENDANT THE PLAINTIFFS ALLEGE:

13. The Plaintiffs reallege and restate each and every allegation contained in paragraphs numbered 1 through 12 herein.

14. That the Plaintiff, Timothy Votra was and still is the husband of the Plaintiff Onna-Jean Muleucis-Votra and is entitled to her companionship, services, society and consortium.

15. That due to the Defendants' negligence, Plaintiff Timothy Votra has been deprived of his wife's companionship, services, society and consortium and has been damaged in an amount, which exceeds the jurisdictional limits of all lower Courts, which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST THE DEFENDANT PLAINTIFFS ALLEGE:

16. The Plaintiffs reallege and restate each and every allegation contained in paragraphs numbered 1 through 15 herein.

17. That Plaintiff, Onna-Jean Muleucis-Votra was and still is the wife of the Plaintiff, Timothy Votra and is entitled to his companionship, services, society and consortium.

18. That due to the Defendants' negligence, Plaintiff, Onna Jean Muleucis-Votra has been deprived of her husband's companionship, services, society and consortium and has been damaged in an amount, which exceeds the jurisdictional limits of all lower Courts, which would otherwise have jurisdiction.

**WHEREFORE**, the Plaintiffs demand judgment in an amount which exceeds the jurisdictional limits of all lower Courts, which would otherwise have jurisdiction, together with the costs and disbursements of this action, and for such other and further relief as the Court deems appropriate.

DATED: February __14__, 2022

ALEXANDER & ASSOCIATES

_____
Peter J. Addonizio, Esq.
Attorney for Plaintiff
6713 Collamer Road
East Syracuse, New York 13057
Telephone: (315) 479-8660